IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Bahar R. Andrawis, | ) | Case No.: 4:24-cv-6823-JD |
| Plaintiff, | ) | |
| vs. | ) | **ORDER AND OPINION** |
| Sinan Ekincigil, Mimi Pearce, and the Big "M" Casino, | ) | |
| Defendants. | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 9), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning a motion to dismiss. (DE 5.)[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

Plaintiff Bahar R. Andrawis ("Plaintiff" or "Andrawis"), proceeding *pro se*, sued Sinan Ekincigil ("Ekincigil"), Mimi Pearce ("Pearce"), and the Big "M" Casino's ("Big "M"") (collectively, "Defendants") purportedly asserting claims under Title VII of the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Civil Rights Act, 42 U.S.C. § 2000e, and/or 42 U.S.C. § 1981; hostile work environment claims under Title VII; retaliation claims under Title VII; age discrimination claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621; and disability discrimination and/or failure-to-accommodate claims under the Americans with Disabilities Act, 42 U.S.C. § 12101.[2] (DE 1 at 4.) Plaintiff was employed as a blackjack dealer with Big "M" beginning in January 2024. Plaintiff alleges, among other things, that he was the only employee from the Middle East and was "skipped" for a full-time position. (DE 1-1, at 1.)

On December 2, 2024, Defendants moved to dismiss under Rule 12(b)(6), Fed. R. Civ. P., because Plaintiff failed to exhaust his administrative remedies. On the same date, the Magistrate Judge issued an order under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The Magistrate Judge advised Plaintiff of the motion to dismiss procedure and that a failure to respond to Defendants' motion could result in the motion being granted and his case being dismissed. (DE 6.) Plaintiff did not respond to the motion.

### B. Report and Recommendation

On February 5, 2025, the Magistrate Judge issued the Report recommending that Plaintiff's case be dismissed for failure to prosecute under Rule 41(b), Fed. R. Civ. P. (DE 9.) Plaintiff did not object to the Report.

---

[2] The parties Joint Notice of Removal liberally construes Plaintiff's claims as such. (DE 1, ¶ 16.)

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Because Plaintiff has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 9) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's case is dismissed for failure to prosecute under Rule 41(b), Fed. R. Civ. P.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 28, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.